# EXHIBIT A

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Feb 16, 2024
**Server Name:** Drop Serv

| | |
|---|---|
| Entity Served | TRUSTAGE FINANCIAL VENTURES, LLC |
| Case Number | CU24-01047 |
| Jurisdiction | IA |

| Inserts | | |
|---|---|---|
| | | |

Electronically Submitted on 02/14/2024 10:42 AM

Stuart M. Richter (SBN 126231)
stuart.richter@katten.com
Arron J. Pak (SBN 341572)
arron.pak@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Plaintiff
Travis Credit Union

**ELECTRONICALLY FILED**
Superior Court of California,
County of Solano
02/14/2024 at 10:42:23 AM
By: K. Britton, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SOLANO**

| | |
|---|---|
| TRAVIS CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTAGE FINANCIAL GROUP, INC., an Iowa corporation; and DOES 1-10,<br><br>Defendants. | Case No. CU24-01047<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF** |

Plaintiff Travis Credit Union ("Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff is a California-chartered credit union headquartered in Vacaville, California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant TruStage Financial Group, Inc. (formerly CUNA Mutual Group) ("Defendant" or "TruStage") is an Iowa corporation conducting business in California.

3. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is liable to Plaintiff in some manner for the cause of action alleged herein. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named Defendants when their identities have been ascertained.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over TruStage because it operates and conducts business in the State of California.

5. Venue is proper in Solano County because the contract was made, obligations or liabilities arose, and the performance of the contract and breaches occurred in Solano County.

## GENERAL ALLEGATIONS

6. Plaintiff purchased a TruStage fidelity bond (the "Bond"). The Bond was effective at all relevant times alleged in this Complaint.

7. At least between January 1, 2021 and June 30, 2022, certain of Plaintiff's loan officers and complicit staff (hereinafter "loan officers") manipulated Plaintiff's real-estate loan origination system ("LOS") to misclassify real estate loan originations for purposes of generating improper and fraudulent commissions.

8. Pursuant to Plaintiff's 2021 commission plans, External Loan Officers were only entitled to commissions on externally-sourced loans that they actually closed on. The Sales

Manager Plan allowed for commission based upon all External Loan Officers' volume of loans funded.

9. In April of 2022, External Loan Officers were reclassified as Senior Mortgage Loan Officers.[1] At that time, "retail referred" loans (some of which may have been internally-sourced) became commissionable. However, they were only commissionable if the Senior Mortgage Loan Officer actually generated the loan submission package with the borrower and submitted it to the operations team.

10. The first method the loan officers used to fraudulently misclassify real estate loan originations was to characterize them on Plaintiff's LOS as commissionable for certain employees when, in fact, they were not commissionable. The loan officers who perpetuated the fraud changed the loan officer assignment in the LOS to reflect that an External Loan Officer had either originated the loan, or had generated the loan submission package, when the External Loan Officer had not. In many instances, the LOS reassignment occurred shortly before or after the loans had actually funded. As a result, Travis's LOS falsely reflected a commission due to the External Loan Officer to whom the loans were reassigned, when no commission was actually due.

11. The second method the loan officers used to fraudulently misclassify loans was to make them appear to be commissionable at a higher rate than they were. Pursuant to Plaintiff's commission plans, in instances in which refinanced loans were commissionable, these loans were commissionable at a lower rate than new money. The loan officers who were engaged in the fraud would misclassify loans as new money, making them appear to be commissionable at the higher rate.

12. As a result of these misclassified loans, Plaintiff suffered a total of $714,812.00 in losses.

13. Upon discovery of the fraud, Plaintiff hired a forensic auditor to examine its lending portfolio to ascertain the scope of the defalcations and whether any loans suffered increased risk as a result of the fraud. The audit cost Plaintiff $43,058.76.

[1] The title "External Loan Officer" will be used throughout this complaint for clarity.

14. All told, Plaintiff separated 12 employees who either participated in the fraud, or who were derelict in supervising those employees and in performing their control responsibilities.

15. Plaintiff filed a claim with TruStage on August 9, 2022. On August 11, 2022, TruStage assigned a claim number and informed Plaintiff that it would review the claim for potential coverage, including coverage under the Employee or Director Dishonesty Coverage and the Faith Performance – Enhanced Coverage provisions of the Bond.

16. The Employee or Director Dishonesty Coverage provides that TruStage will pay for loss resulting directly from dishonest acts committed by an employee or director where the dishonest acts are committed with the intent to cause Plaintiff to sustain such loss or obtain an improper financial benefit for the employee, director, or for any other person or entity. In other words, the Employee or Director Dishonesty Coverage pays for loss resulting from the dishonest acts committed by an employee.

17. The Faithful Performance – Enhanced Coverage provides that TruStage will pay for loss resulting directly from an employee's failure to faithfully perform his or her trust.

18. The Bond also contains an Audit and Claims Expense coverage, which provides that TruStage will pay the necessary and reasonable fees and expenses Plaintiff has paid for a special audit of its records to establish a valid and collectible loss under the Employee or Director Dishonesty Coverage or the Faith Performance – Enhanced Coverage.

19. On November 17, 2022, Plaintiff submitted proof of loss to TruStage. Almost ten months later, despite the clear and unambiguous language of the Employee or Director Dishonesty Coverage and the Faithful Performance – Enhanced Coverage, TruStage denied coverage on September 14, 2023.

20. The loss suffered by Plaintiff falls squarely within the coverage under the Bond. There are no exclusions under the terms of the Bond that permit TruStage to avoid its obligation to indemnify Plaintiff. Nevertheless, TruStage continues to deny coverage for the losses incurred by Plaintiff.

21. TruStage has breached, and continues to breach, the terms of the parties' contract by refusing to cover Plaintiff for its losses pursuant to the terms of the Bond. TruStage has also

breached, and continues to breach, its duty of good faith and fair dealing to Plaintiff by, *inter alia*, asserting an interpretation of its Bond language that is inconsistent with its own understanding thereof, engaging in conduct calculated to further its own economic interests, and failing and refusing to cover Plaintiff for losses suffered.

## FIRST CAUSE OF ACTION

## (BREACH OF INSURANCE CONTRACT)

22. Plaintiff incorporates the allegations in paragraphs 1 through 21, above, as though fully restated here.

23. The Bond is a valid and enforceable contract.

24. Except to the extent that Plaintiff's performance has been excused, waived, or prevented by TruStage's conduct, Plaintiff has performed all of the conditions, covenants and obligations that the Bond required it to perform.

25. TruStage breached the Bond by, without limitation, refusing to indemnify Plaintiff despite the clear and unambiguous language of the Bond.

26. As result of TruStage's breach of the Bond, Plaintiff has suffered damages in the amount of at least $714,812.00 paid to employees for the fraudulently misclassified loans and at least $43,058.76 in audit expenses and fees to establish a valid and collectible loss under the Bond.

## SECOND CAUSE OF ACTION

## (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

27. Plaintiff incorporates the allegations in paragraphs 1 through 26, above, as though fully restated here.

28. There was implied in the Bond a covenant of good faith and fair dealing whereby TruStage agreed that it would act in good faith and deal fairly and honestly with Plaintiff and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights under the terms of the Bond.

29. As alleged herein, TruStage breached the covenant of good faith and fair dealing by its acts, including but not limited to, the conduct alleged above.

30. Except to the extent Plaintiff's performance has been excused, waived, or prevented by TruStage's conduct, Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Bond.

31. As a proximate result of TruStage's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages, including the amount it reimbursed its member assuming TruStage would fulfill its obligations.

32. TruStage's breach of the Bond was malicious and oppressive. TruStage has accepted the policy premiums paid by Plaintiff but has denied coverage to avoid paying a legitimate claim. There is no objective basis, legally or factually, for TruStage's position. Instead, Plaintiff is informed and believes and, on that basis, alleges that TruStage took such actions with the intent of causing Plaintiff to litigate this action to obtain the indemnity it purchased from TruStage. Therefore, TruStage's actions were malicious and oppressive because they were conducted with a willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. On that basis, Travis is entitled to recover punitive and exemplary damages.

## THIRD CAUSE OF ACTION

## (DECLARATORY RELIEF)

33. Plaintiff incorporates the allegations in paragraphs 1 through 31, above, as though fully reinstated here.

34. An actual controversy has arisen and now exists between Plaintiff and TruStage concerning their respective rights, duties, and obligations under the Bond. Plaintiff contends that TruStage has an obligation to indemnify Plaintiff for losses suffered as a result of the fraud perpetrated by its employees. TruStage contends that it does not have such an obligation.

35. Plaintiff is entitled to a judicial declaration of its rights under the terms of the Bond.

36. Without such a declaration, Plaintiff is informed and believes that TruStage will continue to deny coverage under the Bond.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For damages according to proof;

2. For a declaration that TruStage is obligated to indemnify Plaintiff for losses incurred as result of the fraud by its employees as alleged above;

3. For punitive damages;

4. For interest on any sums due; and

5. For such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated: February 14, 2024

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/ Stuart M. Richter

Stuart M. Richter
Attorneys for Plaintiff Travis Credit Union

**SOLANO COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

The judges of the Civil Division agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the Case Management Statement (CM-110) or
- File a Stipulation and Order - ADR or
- Agree to ADR at your first court appearance

Questions? Call (707) 207-7413 or go to ***www.solano.courts.ca.gov/adr***

The following information about the ADR Programs available at the Solano Court is provided in addition to the information in the "Civil Mediation" brochure:

**Pro Bono Mediation Program:**

The Pro Bono Mediation panelists are the same mediators on the listing of mediators who provide their services without cost when ordered by the judge.

Request Pro Bono Mediation by entering the program name on the Case Management Statement or on the Stipulation and Order – ADR (Alternative Dispute Resolution). Attach a declaration to the Stipulation and Order – ADR describing why mediation services should be provided without costs to the parties.

**Private Mediation and Arbitration:**

Parties may select a mediator or arbitrator of their choice including someone not on the listings maintained by the court. If a private mediator, arbitrator or evaluator is selected who is not on the court maintained listing, your selection must be approved by the court.

**Fees:**

The court requires the fees for ADR to be split equally by the parties at the rate set by the mediator/arbitrator/evaluator unless otherwise ordered by the court. Fees are usually charged on an hourly basis. The court offers "no fee" mediation to parties who cannot afford to pay for mediation. A party may request "no fee mediation" at the Case Management Conference or by filing a "Stipulation and Order – Alternative Dispute Resolution" and attaching a declaration stating why mediation services should be provided at no cost to the parties.

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

TRUSTAGE FINANCIAL GROUP, INC., an Iowa corporation; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

TRAVIS CREDIT UNION

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Old Solano Courthouse
580 Texas Street, Fairfield, CA 94533

CASE NUMBER:
*(Número del Caso):* CU24-01047

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stuart M. Richter; Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012; 310.788.4400

DATE: *(Fecha)* 02/14/2024 Clerk, by *(Secretario)* ______ , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: TRUSTAGE FINANCIAL GROUP, INC., an Iowa corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:





For your protection and privacy, please press the Clear This Form button after you have printed the form.
Print this form | Save this form | Clear this form